986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory ROSE, Plaintiff-Appellant,
v.
UNITED AUTO WORKERS INTERNATIONAL; United Auto Workers
Local 963; and Ervin Industries, Inc.,
Defendants-Appellees.
 No. 92-1398.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1993.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Gregory Rose, appeals the district court's grant of summary judgment to defendants, the local and international organizations of the United Auto Workers Union, and Ervin Industries, Rose's employer. He claimed that the unions breached their duty of fair representation, that his employer breached the collective bargaining agreement, and that he was discriminated against on the basis of handicap under Michigan law.
 
 
 2
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to defendants.
 
 
 3
 As the reasons why judgment should be entered for defendants have been articulated by the district court, the issuance of a full written opinion by this court would be duplicative and serve no useful purpose.
 
 
 4
 In order for an employee to prevail on either claim of a hybrid § 301/unfair representation claim, he must establish both that the company wrongfully terminated him and that the union breached its fair duty of fair representation. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976); Bagsby v. Lewis Brothers, Inc., 820 F.2d 799, 801 (6th Cir.1987). Indeed, "the case [an employee] must prove is the same whether he sues one, the other, or both." DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 165 (1983).
 
 
 5
 The reason for this dual hurdle is that congressional policy indicates that grievances should be resolved in accordance with the procedures contained in a collective bargaining agreement. 29 U.S.C. § 173(d). That policy may only be furthered if the courts abstain from resolving disputes properly decided in accordance with contractually prescribed methods. Hines, 424 U.S. at 562-63. Therefore, courts will not ordinarily usurp the dispute resolution means included within a collective bargaining agreement. Id.
 
 
 6
 We affirm the summary judgment for the unions on the unfair representation claim for the reasons stated by the district judge in open court on January 6, 1992. And because plaintiff could not prevail on that claim, defendant Ervin Industries was entitled to summary judgment on the claim for breach of the collective bargaining agreement, for the reasons stated above.
 
 
 7
 In addition, we affirm the grant of summary judgment on the handicap discrimination claim, for the reasons given by the district judge in open court on March 9, 1992.
 
 
 8
 Accordingly, the orders appealed from are affirmed.